ORVIL DUANE HASSEBROCK and EVELYN HASSEBROCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hassebrock v. Commissioner
Docket No. 27119-81
United States Tax Court
T.C. Memo 1983-255; 1983 Tax Ct. Memo LEXIS 530; 46 T.C.M. (CCH) 93; T.C.M. (RIA) 83255; May 9, 1983. Orvil Duane Hassebrock, pro se. Michael W. Bitner, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: The Court must decide in this case whether certain travel, meals, and lodging expenses incurred by a pipe fitter are deductible under *531 section 162 [1] as ordinary and necessary business expenses. Most of the facts have been stipulated, and the stipulation is incorporated herein by reference. As a result of concessions by respondent in the stipulation, many of the items previously disallowed in the notice of deficiency will now be allowed. At trial, petitioners conceded that they could not offer any additional documents substantiating their claimed expenditures beyond those that had previously been provided to respondent. They did not attempt to overcome the absence of adequate records by testimony or other evidence corroborating the claimed expenditures. See section 1.274-5(c)(1), Income Tax Regs. To the extent that substantiation may otherwise have been an issue, therefore, petitioners have failed to carry their burden of proof. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners did produce evidence, however, in disputing respondent's determination in two respects: First, petitioners dispute respondent's characterization of certain *532 employment of Mr. Hassebrock during the year 1979 as indefinite rather than temporary and disallowance of expenses of meals and lodging at the site of that employment. Second, petitioners contest respondent's disallowance of certain actual expenses incurred by them in traveling between their residence and a temporary work site and allowance, in lieu of actual expenses, of the constructive cost of staying at the temporary work site over weekends. The facts found below relate to these issues, and the contentions of the parties and applicable legal rules are discussed in the opinion. FINDINGS OF FACT Petitioners are husband and wife and maintained a residence at Farina, Illinois, during the taxable years 1978 and 1979 and at the time they filed their petition in this case. Petitioners timely filed their joint Federal income tax returns for the taxable years 1978 and 1979 with the Kansas City Service Center. On August 13, 1981, respondent mailed to petitioners a notice of deficiency, in which respondent determined deficiencies in income tax for the years 1978 and 1979 in the amounts of $1,086 and $2,237, respectively. Said deficiencies were based upon the disallowance of certain *533 employee business expenses claimed by petitioners on the grounds that either they were not ordinary and necessary business expenses or that they had not been substantiated pursuant to the requirements of section 274. During the year 1978, Mr. Hassebrock was employed by five different employers at five locations in three states. The maximum duration of any single job during that year was 151 days. Respondent allowed petitioners to deduct substantiated expenditures for meals, lodging, and travel relating to each of these employments of Mr. Hassebrock. From January 2 to February 13, 1979, Mr. Hassebrock was employed by Benjamin F. Shaw Co. (Shaw) at Rockport, Indiana. This employment was temporary, and respondent allowed petitioners to deduct expenditures for travel, meals, and lodging relating to this employment. The amounts allowed, however, were less than the amounts claimed by petitioners. For example, whereas petitioners had claimed meal expenses of $25 per day for each day that Mr. Hassebrock was away from Farina, Illinois, in connection with his employment by Shaw, respondent allowed only $9 per day. Petitioners have not substantiated the difference between the amount *534 claimed and the amount allowed by respondent. Petitioners also claimed the expense of traveling between Farina, Illinois, and the jobsite in Rockport, Indiana, on six occasions during the period of Mr. Hassebrock's employment at Rockport. Those expenses totaled $368.52, computed by multiplying the round-trip mileage of 332 miles times the permissible standard rate of $ .185 per mile by six trips. Respondent determined that the comparative cost of Mr. Hassebrock's remaining in Rockport, Indiana, was less than a round trip of 332 miles from Rockport, Indiana, to Farina, Illinois. In lieu of the sum of $368.52, respondent allowed the sum of $216, which respondent determined would have been the cost to petitioners if Mr. Hassebrock remained in Rockport, Indiana, instead of returning to Farina, Illinois, during the 12 weekend days falling within the period that Mr. Hassebrock was employed by Shaw during the taxable year 1979. Respondent's determination of comparative cost assumes that the lodging expenses substantiated by petitioners ($277) covered 31 days out of the 43-day period of Mr. Hassebrock's employment by Shaw, i.e., all nonweekend days. Petitioners, however, only stayed *535 at the Rockport jobsite 4 days per week; they returned home for 3 days per week because cold weather prevented Mr. Hassebrock's working more than 36 hours per week at 8 to 10 hours per day. Sometimes he only worked 19 hours in a week. Thus the correct comparative cost of staying at the jobsite for 18 days is $360, consisting of meals expense of $9 per day (the per diem allowed by respondent) and lodging expense of $11 per day. (The meals expense allowed for days actually on the job must thus be reduced by 6 days at $9, or $54.) On February 14, 1979, Mr. Hassebrock commenced employment with Baldwin Associates in Clinton, Illinois. The nature of this employment was the construction of a nuclear power facility known as the Clinton Power Station. During the course of his employment by Baldwin Associates, Mr. Hassebrock, in his capacity as a pipe fitter, worked exclusively on the construction of the main power generating facility and was never assigned to perform any short-term construction operations. Mr. Hassebrock was never laid off from his employment with Baldwin Associates because of a reduction in force. On October 9, 1980, Mr. Hassebrock's employment with Baldwin Associates *536 was terminated due to a back injury that rendered him incapable of further employment at the Clinton Power Station absent a medical release. Upon receiving a medical release, Mr. Hassebrock returned to the Clinton Power Station on January 12, 1981, again as a pipe fitter, and remained there until March 24, 1981, when he voluntarily terminated his employment to take another job.
When Mr. Hassebrock commenced his employment at the Clinton Power Station on February 14, 1979, the projected completion date for the construction of the Clinton Power Station was July 1984. During June 1979, the projected completion date was changed to June 1983. While Mr. Hassebrock was employed by Baldwin Associates, petitioners resided for approximately one month with Mr. Hassebrock's uncle, whose lodgings were 31 miles from the jobsite at Clinton, Illinois. During this period of time, petitioners paid Mr. Hassebrock's uncle $160 for petitioners' living expenses and retained records of such payments. On March 9, 1979, petitioners purchased a mobile home. Petitioners resided in the mobile home 13 miles from the Clinton Power Station from March 9, 1979, to October 9, 1980. During the taxable year *537 1979, Mr. Hassebrock drove a total of 6,208 miles between the Clinton Power Station and the lodgings occupied by petitioners during Mr. Hassebrock's employment at the Clinton Power Station. On May 14, 1979, Mrs. Hassebrock was employed by Baldwin Associates as a full-time secretary. She remained in this employment until June 14, 1980, when she quit to give birth to petitioners' first child. OPINION A taxpayer cannot deduct the expenses of traveling to or living at his place of employment unless the traveling is required by the circumstances of his employment rather than by his "personal conveniences and necessities." Commissioner v. Flowers,326 U.S. 465, 474 (1946); sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. "If, for personal reasons, one chooses to live far from the place of employment, the resulting travel costs are nondeductible, personal expenses." Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). There are, of course, some instances when the circumstances of the taxpayer's employment require him to maintain two places of abode and thereby incur additional and duplicative living expenses. In such circumstances, *538 the courts have recognized a narrow exception to the general rule denying deductibility of travel expenses. This exception applies when the taxpayer's employment is "temporary" and not "indefinite or indeterminate." Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956). If the exception applies, job related travel and living expenses may be deductible under sections 162(a) or 162(a)(2). [2]
Petitioners are under several erroneous impressions concerning the general rule and the exception. First, petitioners assume that "temporary" is the opposite of "permanent" for purposes of this rule. Second, petitioners contend that if respondent *539 treats certain of Mr. Hassebrock's jobs as temporary, all of his employment must be regarded as temporary (and, implicitly, all construction related employment is temporary). Third, petitioners contend that we cannot look beyond the end of the taxable year in determining whether employment is temporary, inasmuch as petitioners' reporting obligations are based upon the situation as it existed on December 31 of the tax year in issue. Finally, petitioners argue that respondent is unreasonably attempting to substitute respondent's judgment as to where they should live for petitioners' judgment. The applicable legal principles, however, are to the contrary.
For the purposes with which we are concerned, work is temporary only if it can be expected to end within a short period of time. If it merely lacks permanence, it is "indefinite," and expenses relating to living at the jobsite are not deductible. Even if a job is temporary at the time it is accepted, developments may show that it has become indefinite.See Boone v. United States,482 F.2d 417, 419-420, n. 4 (5th Cir. 1973); Kasun v. United States,supra; McCallister v. Commissioner,70 T.C. 505, 509 (1978). *540 Although the actual duration of employment, in retrospect, will be considered, it is not controlling. Thus, in the leading Supreme Court case of Peurifoy v. Commissioner,supra, the Court found that the employment of three construction workers was indefinite as to each, although the three employees had worked for continuous periods of 20-1/2 months, 12-1/2 months, and 8-1/2 months, respectively. The cases also demonstrate the necessity of considering each separate employment on its own facts and circumstances to determine whether it is temporary or indefinite. Peurifoy v. Commissioner,supra; Kasun v. United States,supra; Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). Thus the fact that examination of the circumstances of certain jobs taken by Mr. Hassebrock during the years 1978 and 1979 led respondent to conclude that they were temporary and that expenses relating thereto were allowable does not preclude respondent from making a different determination with respect to Mr. Hassebrock's job with Baldwin Associates. It is, of course, true that petitioners were required to determine *541 their tax liability for 1979 as of December 31 of that year. Annual reporting is a practical necessity to regular collection of the Federal income tax. Burnet v. Sanford & Brooks Co.,282 U.S. 359, 365 (1931). Mr. Hassebrock's employment history subsequent to December 31, 1979, is relevant in view of the rule that a job may be temporary at the inception but may later extend to an indefinite status. Information as to the actual duration of his employment, however, is not controlling here because the circumstances existing during 1979, as discussed below, would also lead to the conclusion that his employment by Baldwin Associates was indefinite and not temporary. The rules denying commuting expenses but permitting expenses relating to temporary employment are predicated in part upon assumptions as to whether or not it is reasonable for a taxpayer to change his place of residence. The courts, however, including the Eighth Circuit Court of Appeals, to which this case is appealable, have rejected the application of such a subjective test on a case-by-case basis. Frederick v. United States,supra; Kasun v. United States,supra. *542 In the Kasun case, the Seventh Circuit Court of Appeals stated "it is the job, not the taxpayer's style of life, that is of critical importance." Kasun v. United States,supra at 1062. Resolution of the issues in this case, therefore, requires us to look at the circumstances of Mr. Hassebrock's employment and not at petitioners' particular reasons for maintaining their residence in Farina, Illinois, rather than moving it to Clinton, Illinois. At the time Mr. Hassebrock was employed by Baldwin Associates in 1979, it was anticipated that the construction work would last for approximately 5 years. Although Mr. Hassebrock had no guarantee that he would continually be employed on the project, he did not have any reason to expect that he would be terminated, laid off on a seasonal basis, or otherwise would not continue on the job for an indefinite period. Petitioners in fact both moved to the Clinton area and invested in a mobile home. Mrs. Hassebrock also obtained employment at the jobsite. Under these circumstances, we must conclude that the employment was not temporary. [3] Petitioners cannot, therefore, deduct their travel expenses or meals and lodging *543 expenses claimed in relation to Mr. Hassebrock's employment by Baldwin Associates. With respect to expenses incurred in relation to Mr. Hassebrock's temporary employment with Shaw in 1979, respondent's determination is consistent with that portion of Rev. Rul. 54-497, 1954-2 C.B. 75, 82, providing as follows: When an employee is assigned for several weeks or months to a minor or temporary post *544 of duty, he will often return from that location on intervening nonworking days to his family and distant residence. Section 39.23(a)-2(f) of Regulations 118 [now section 1.162-2(a)] provides that only such expenses as are reasonable and necessary in the conduct of the business and directly attributable to it may be deducted. This principle prohibits the deduction of expenses incurred on such trips to the extent they exceed the cost of meals and lodging which otherwise would have been deductible if the employee had remained during his nonworking days at or near his minor or temporary post of duty.In order to segregate the employee's business from his personal expenses in returning to his family and regular place of abode, that prohibition should be combined with the limitation applicable to the employee who lives at a distance from both his principal or regular place of employment and his minor or temporary post of duty to formulate the following general rule: Expenses incurred on such trips for transportation between the employee's temporary or minor post of duty and his distant residence (together with the cost of meals and lodging enroute) may be deducted in computing adjusted *545 gross income as traveling expenses "while away from home" to the extent such expenses do not exceed either (1) the otherwise deductible cost of procuring meals and lodging had he remained at his temporary or minor post during such off-duty periods, or (2) the reasonable necessary expenses he would have incurred in traveling between such minor or temporary place of employment and his principal or regular post of duty. Although much of that regulation has been superseded, the quoted portion apparently still represents respondent's position with respect to visits to a taxpayer's home during the course of a temporary job away from home. See Rev. Ruls. 75-169, 1975-1 C.B. 59, and 75-432, 1975-2 C.B. 60. This is not an unreasonable interpretation and application of the general rule denying deductibility of commuting expenses. As set forth in the findings of fact, however, the amount that petitioners may deduct, i.e., the comparative cost of staying at the jobsite in Rockport on 18 days rather than returning home 6 times, is $360. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Sec. 162(a) provides, in part, as follows: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *↩
3. Although we are required to decide this case on its own facts, we must also see that similarly situated taxpayers are treated the same way. We find this case indistinguishable from the innumerable cases in which construction workers similarly situated were found to have taken jobs on an indefinite basis, many of which cases involve construction workers employed at nuclear power plants. See, e.g., Lollis v. Commissioner,T.C. Memo. 1983-89; Brown v. Commissioner,T.C. Memo. 1982-189; Payne v. Commissioner,T.C. Memo. 1982-190; Nelson v. Commissioner,T.C. Memo. 1982-191; Vermillion v. Commissioner,T.C. Memo. 1982-192; Groover v. Commissioner,T.C. Memo. 1982-329↩.