BRICE DAVID BYRD and CAROL S. BYRD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Byrd v. Commissioner
Docket No. 20811-80.
United States Tax Court
T.C. Memo 1983-443; 1983 Tax Ct. Memo LEXIS 347; 46 T.C.M. (CCH) 874; T.C.M. (RIA) 83443; July 27, 1983. Brice David Byrd and Carol S. Byrd, pro se. Jillena A. Warner and Wesley J. Lynes, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1978 in the amount of $1,096. The issues for decision are (1) whether Mr. Byrd's employment at a construction site was temporary or indefinite within the *348 meaning of section 162(a); [1] and (2) if temporary, whether certain expenses claimed for meals, lodging and transportation incident thereto meet the requirements for deductibility of section 274(d). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by reference. Petitioners Brice David Byrd and Carol S. Byrd, husband and wife, were legal residents of Alabama when the petition was filed in this case. They timely filed a joint Federal income tax return for calendar year 1978 with the Internal Revenue Service Center at Chamblee, Georgia. Mr. Byrd will sometimes be referred to as the petitioner. On February 3, 1977, petitioner became employed by the Tennessee Valley Authority (TVA) as a sheet metal worker at the Bellefonte Nuclear Power Plant, Hollywood, Alabama. On that day he signed a document, TVA Form 9880A, entitled "Appointment Affidavit and Conditions." Among the statements contained in this document was the following: "Trades and labor temporary construction *349 hourly, not to extend past 78 01 26." The same form showed that petitioner was a member of the Sheet Metal Workers Local 48, Birmingham, Alabama. The TVA had an arrangement with the Sheet Metal Workers Local 48, Birmingham, Alabama, to supply sheet metal workers at the Bellefonte Plant. Petitioner, as a member of Local 48, received his assignment to work at Bellefonte through the union agent of that Local as he received all of his other assignments. Construction of the plant began in September 1974 with an original completion date scheduled for 1981 which date was subsequently extended to 1988. The site of the plant at Hollywood was approximately 125 miles from Adamsville, Alabama where petitioner resided with his wife and children during 1978. There was an increasing need for sheet metal workers at the Bellefonte site in 1977 and 1978 so that an employee might expect to find employment there for several years to come. Nevertheless, TVA had a policy of employing all hourly construction workers, like petitioner, on a temporary basis. This policy was put into effect in order to comply with manpower ceilings imposed by the Office of Management and Budget (OMB). That is, by *350 hiring workers for less than one year, management was required to give notice of only 48 hours of a layoff and thus could quickly reduce the number of employees at the plant as necessary to meet OMB manpower ceilings. To implement its policy, TVA used what was known as an 11/29 contract.The contract acquired its name because it never exceeded 11 months and 29 days. Under the 11/29 contract system an employee was required to take a two-week vacation or a two-week break in service at the end of each contract period before applying for reemployment. Although management never requested workers by name, there was an unwritten understanding that an individual's position would be saved or that he would be reemployed at the end of the mandatory two-week break in service. At Bellefonte, management would hold an employee's personal gear for two or three weeks after the termination of an 11/29 contract. During 1977 and 1978, approximately 90 percent of the sheet metal workers at Bellefonte were rehired subsequent to the expiration of an 11/29 contract. The document signed by petitioner on February 3, 1977, was an 11/29 contract. At the end of this contract on January 26, 1978, petitioner *351 was laid off for approximately three weeks. During this period, he returned to his union for work. Subsequently, he was referred back to Bellefonte where he was rehired on February 13, 1978, under another 11/29 contract.Petitioner was later discharged on September 11, 1978, because of unsatisfactory conduct. Except for the three week hiatus between contracts, petitioner worked continuously at Bellefonte from February 3, 1977, until September 11, 1978. At the time petitioner accepted employment, he had no idea how long the Bellefonte job would last. On his joint income tax return for 1978, petitioner claimed employee business expenses incurred in connection with his employment at Bellefonte in the total amount of $4,725 for transportation, meals and lodging. He provided receipts for only $1,232 to substantiate these expenses. In his notice of deficiency respondent disallowed the claimed deductions on the ground that they were not ordinary or necessary business expenses and further, that petitioner had not established that the amounts claimed were spent for business purposes. OPINION Section 162(a)(2) provides for a deduction for ordinary and necessary business expenses *352 paid during the taxable year including traveling and living expenses incurred while away from home in pursuit of a trade or business. Generally, a taxpayer's home for purposes of determining whether he is away from home in pursuit of a trade or business is considered to be his principal place of employment. Kroll v. Commissioner,49 T.C. 557, 561-562 (1968). However, an exception to this rule applies when a taxpayer's employment at a certain location away from his principal residence is temporary as distinguished from indefinite. In such circumstance the taxpayer is considered to be away from home in pursuit of a trade or business, and living expenses, including transportation, which are job related are deductible under sections 162(a) or 162(a)(2) [2]Peurifoy v. Commissioner,358 U.S. 59 (1958); Norwood v. Commissioner,66 T.C. 467, 469 (1976). *353 Employment is temporary if it foreseeably will last for only a brief period of time. On the other hand, work is of indefinite duration when there is a reasonable prospect that it will continue for an indeterminate but substantially long period of time. Boone v. United States,482 F.2d 417, 419 (5th Cir. 1973); McCallister v. Commissioner,70 T.C. 505, 509 (1978). Even if it is known that a job will terminate at some future date, the employment is not temporary if it is expected to last a considerable or indefinite period of time. Jones v. Commissioner,54 T.C. 734 (1970), affd. 444 F.2d 508 (5th Cir. 1971). The petitioner bears the burden of proving that his employment was temporary. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
In this case petitioner argues that his job was temporary as opposed to indefinite because he was hired for a definite period of time of less than one year, and in order to be rehired he had to overcome several obstacles, including (1) referral back to the job, (2) acceptance by his craft supervisor, (3) acceptance by *354 a TVA personnel officer, and (4) successful completion of a physical examination. Any of these hurdles might have prevented his reemployment. Construction work is by its very nature temporary in that employment at a particular site will cease when the construction project is completed. But this is not the definition of temporary that is used in determining whether an employee's expenses are deductible while away from home on business. See Garlock v. Commissioner,34 T.C. 611 (1960). Petitioner stipulated that he did not know how long his job would last when he began work at Bellefonte. He testified there was no guarantee he would be rehired.However, there was unrebutted testimony by a TVA management official that at the time petitioner was hired, there was an increasing need for sheet metal workers at Bellefonte, and those employees with satisfactory ratings could anticipate continued employment for several years. Petitioner's union, Local 48, agreed with TVA to supply sheet metal workers at the construction site, and manpower in all crafts was in short supply. In 1977 and 1978, 90 percent of all sheet metal workers hired under 11/29 contracts at Bellefonte *355 were referred back to the site following termination of their contracts. We conclude from the record as a whole that petitioner's employment at Bellefonte though not permanent, see Jones v. Commissioner,supra, was indefinite rather than temporary. [3] The fact that his employment was cut short in 1978 for unsatisfactory conduct does not alter this conclusion. [4]
Petitioner relies on Frederick v. United States,603 F.2d 1292 (8th Cir. 1979), but that case is distinguishable. There, a unique combination of circumstances, including seasonal work, a controversial project, frequent layoffs and sporadic rehiring, made it likely that the taxpayer's employment would be short. *356 In contrast, work at Bellefonte was marked by the absence of frequent layoffs, the work was not seasonal, and the petitioner in fact was rehired after his original 11/29 contract expired. We conclude that petitioner's employment was not temporary and therefore his subsistence and transportation expenses are not deductible. [5]
Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended during the year in issue, unless otherwise indicated.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) which away from home in the pursuit of a trade or business. It is unclear from the record whether petitioner's transportation expenses include trips between his job site and his home in Adamsville which would be treated under section 162(a)(2), as well as trips between work and lodging in the Hollywood area which would be examined under section 162(a). Since both subsections require the same temporary v. indefinite analysis for away from home expenses, this distinction does not affect the result and we shall treat petitioner's expenses as falling within section 162(a).↩
3. The lack of absolute permanence does not determine that a taxpayer's work is temporary rather than indefinite. See Cockrell v. Commissioner,38 T.C. 470 (1962), affd. 321 F.2d 504↩ (8th Cir. 1963). 4. See, e.g., Groover v. Commissioner,T.C. Memo. 1982-329; Vermillion v. Commissioner,T.C. Memo. 1982-192; Nelson v. Commissioner,T.C. Memo. 1982-191↩ for cases with markedly similar facts.
5. Having so decided, we need not reach the substantiation issue herein.↩