**Henry L. BOONE and Nancy M. Boone,
Plaintiffs-Appellees,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 73–1271
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 24, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

418

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, Internal Rev. Service, Murray Horwitz, App. Section, Tax Div., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for defendant-appellant.

Mr. and Mrs. Henry L. Boone per se.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The United States appeals from a directed jury verdict for the taxpayer in a civil income tax refund suit. On facts mostly stipulated and none in dispute, both the plaintiffs-taxpayers and wife (Boone or taxpayer) and the United States moved for directed verdict at the close of the evidence. The trial judge denied the government's motion and granted that of the taxpayer. We reverse and direct that judgment be entered for the United States.

The taxable year involved was 1966. During the time in question, taxpayer, a pipe fitter and a member of Local 568, Plumbers and Steam Fitters Union, resided in Pascagoula, Mississippi. He worked in and around Pascagoula when work there was assigned by the Union Hall, but would go wherever there was employment. When he was free to work, he would list his name at the Union Hall and wait for a call. When his name came up he would report to the jobsite and continue to go directly there until the job was finished, when he would again report to the Union hiring hall and again wait for a call for employment at a new jobsite.

No work was available in or near Pascagoula in May of 1965, and Boone was referred to work with the Koppers Company at Picayune, Mississippi in May 1965. He worked there until August 27, 1966, first as pipe fitter and later promoted to welder inspector. During this 15 or 16 months he commuted to work every working day by automobile from Pascagoula to Picayune and return, a round trip of about 160 miles. He did this instead of moving closer to the jobsite to avoid disturbing his family and having to change his children's public school. The employment at Picayune was indefinite. Boone was never told how long the Koppers job was expected to last and did not learn of his termination until an hour before it occurred. Termination was based on the fact that his job was finished and Koppers no longer needed his services.

Taxpayer claimed his daily travel expense as a deduction on his 1966 income tax return. The Commissioner disallowed the deduction on the ground that it was a non-deductible personal expense and assessed additional taxes of $494.11. Boone paid the assessment with interest, and when his claim for refund was denied, timely filed refund suit in the court below. The district court by granting a directed verdict for the taxpayer, overruled the Commissioner's determination.

Under Section 161 of the Internal Revenue Code of 1954, (Title 26 U.S.C. Sec. 161), a generic section, a taxpayer is entitled to take various itemized deductions in reducing gross income

to taxable income.[1] Included is the deduction allowed under Section 162(a) of the 1954 code for ordinary and necessary expenses paid or incurred in carrying on any trade or business.[2] But the allowance of such a deduction is "subject to the exceptions provided in * * * [sections 261 et seq.]" Treasury Regulations on Income Tax (1954 Code), Sec. 1.161–1. One of these superseding provisions which affect every relevant deduction section is Sec. 262, which disallows deductions for "personal, living, or family expenses." The cost of daily travel from one's residence to work and return is such a non-deductible personal expenditure.[3] An exception to this well established rule, which the district judge appeared to believe applicable to this case, takes effect when the taxpayer's employment is "temporary" rather than "indefinite" or "indeterminate". Peurifoy v. Commissioner of Internal Revenue, 1958, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 aff'g 254 F.2d 483 (4 Cir. 1957); Claunch v. Commissioner of Internal Revenue, 5 Cir. 1959, 264 F.2d 309; Coburn v. Commissioner of Internal Revenue, 2 Cir. 1943, 138 F.2d 763 (under Revenue Act, 1938 Sec. 23(e), Int.Rev.Code Sec. 23(e)). A temporary employment is one which is foreseeably for a short period of time or for a fixed duration. Stricker v. Commissioner of Internal Revenue, 6 Cir. 1971, 438 F.2d 1216; Claunch v. Commissioner of Internal Revenue, 5 Cir. 1969, supra; Rev.Rul. 61–95, 1961–1 Cumulative Bulletin 749. In contrast, an indefinite or indeterminate employment is one where the prospect is that the work will continue for an indeterminate and substantially long period of time. Cockrell v. Commissioner of Internal Revenue, 8 Cir. 1963, 321 F.2d 504; Wright v. Hartsell, 9 Cir. 1962, 305 F.2d 221.[4] We think

---

1. The taxpayer has the burden of placing himself within the appropriate Code section relating to the claimed deduction. The district court was in error in stating as one of its grounds for directed verdict that the government had the burden as to disallowance of the deduction. United States v. Woodall, 10 Cir. 1958, 255 F.2d 370.

2. The expenses of one day round trips, if deductible, are deductible under Sec. 162 (a), rather than Sec. 162(a)(2). United States v. Correll, 1967, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537; United States v. Tauferner, 10 Cir. 1969, 407 F.2d 243, cert. denied 1969, 396 U.S. 824, 90 S.Ct. 66, 24 L.Ed.2d 74. *Tauferner* notes the reason for this is that the Supreme Court "has held in effect that Section 162(a) (2) *does not apply to trips not overnight not requiring rest or sleep.*" 407 F.2d at 245. See also, Sanders v. Commissioner of Internal Revenue, 9 Cir. 1971, 439 F.2d 296, 298, where it is held that "the [automobile] expenses incurred on the daily trips * * * can no longer be deductible under § 162(a)(2), and a deduction, if any, must come under § 162 (a)." Since Boone never remained at Picayune overnight he did not fulfill the "away from home" requirement of Sec. 162(a)(2). The deduction, if allowable therefore, must come within Sec. 162(a) as an ordinary and necessary business expense, and is not a "personal, living, or family expense" under Sec. 262.

3. C.I.R. v. Flowers, 1945, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed.2d 203; Steinhort v. C.I.R., 5 Cir. 1964, 335 F.2d 496, 503, 506 (dissent); Heuer v. Commissioner of Internal Revenue, 1959, 32 T.C. 947, aff'd, mem., 5 Cir. 1960, 283 F.2d 865; Fausner v. Commissioner of Internal Revenue, 5 Cir. 1973, 472 F.2d 561; Sanders v. Commissioner of Internal Revenue, 9 Cir. 1971, 439 F.2d 296; Treasury Regulations on Income Tax (1954 Code) Secs. 1.62–1(g), 1.162–2(e), 1.212–1(f), and 1.262–1(g)(5); S.Rep. No. 1632, 83rd Cong., 2d Sess., p. 169 (3 U.S.Cong. and Adm.News (1954) pp. 4621, 4804). Equally applicable to Section 62 expenses is the Section 262 disallowance of the deduction of personal commuting expenses. Before an expense qualifies under Section 62(2) as an adjustment to gross income of an employee it must be an allowable deduction under Sections 161 et seq. See Treasury Regulations on Income Tax (1954 Code) Sec. 1.162–1(g).

4. It is further clear that employment which was at first temporary may become indefinite where it extends beyond a short term, Bark v. Commissioner of Internal Revenue, 6 T.C. 851 (1946); and also that employment which merely lacks permanence is indefinite rather than temporary unless termination is foreseeable

the district court misapplied the law to the uncontroverted facts in evidence and directed a verdict for the wrong party.

■ When the undisputed facts are examined in the light of the foregoing cases it becomes obvious that there was no question presented upon which a jury decision was required. Only a judge's decision applying the law to the facts was necessary. It is manifest that Boone's employment in Picayune was indefinite rather than temporary:

—It was of such a nature that it could be terminated at any time;

—He had no way of knowing how long it would last when he was hired;

—He was actually employed for over 15 months, well over the one-year "usual line of demarcation between temporary and non-temporary employment," Rev.Rul. 60–189, supra, Note 4;

—According to the taxpayer's testimony his commuting expenses were incurred solely for the convenience of his family; he decided to establish a residence and not move his children about so they could receive an uninterrupted and better education;[5] and

—The indefinite nature of the employment was further indicated by a promotion from pipe fitter to welder inspector within three months of his initial employment, increasing his chances of working until the job ended, as opposed to termination upon the first reduction in work force.[6]

This is not the usual case appropriate for submission to a jury because some of the evidentiary facts, even though undisputed, point to one illation and some to another. It was not even a situation where differing inferences may be drawn from the same facts. Here all the relevant facts led to a single conclusion: Boone's employment was non-temporary, it was indefinite, and the taxpayer's expenses of going to and from the jobsite daily did not qualify for the ordinary and necessary business expense deduction claimed under Section 162(a).

The motion for directed verdict of the United States was due to be granted.[7]

The judgment appealed from is reversed, with directions to the district court to enter judgment for the United States.

Reversed.

---

within a short period of time, Albert v. Commissioner of Internal Revenue, 13 T. C. 129 (1949), which has been interpreted to mean one year or less. Rev.Rul. 60–189, 1960–1 Cum.Bull. 60, 63.

5. "The job, not the taxpayer's pattern of living, must require the travelling expenses." O'Toole v. Commissioner of Internal Revenue, 2 Cir. 1957, 243 F.2d 302, 303.

6. The record shows, in fact, that the taxpayer was one of the last pipe welders to be let go by Koppers.

7. Our analysis of the evidence demonstrates that the case was ripe for directed verdict under the test that Judge Ainsworth enunciated for us en banc in Boeing v. Shipman, 5 Cir. 1969, 411 F.2d 365, 374–

375: "If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. * * * A mere scintilla of evidence is insufficient to present a question for the jury. The motion(s) for directed verdict * * * should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses."