DONALD GENE MASSEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
Massey v. Commissioner
Docket No. 17717-82.
United States Tax Court
T.C. Memo 1984-210; 1984 Tax Ct. Memo LEXIS 468; 47 T.C.M. (CCH) 1648; T.C.M. (RIA) 84210; April 24, 1984. Donald Gene Massey, pro se. Michael S. Adelman, for the respondent. *469 PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $1,088.The sole issue for consideration is whether petitioner may deduct employee business expenses consisting of meals, lodging and mileage paid for the period September 15, 1980 through December 31, 1980, while petitioner was providing engineering services to Gilbert Associates. FINDINGS OF FACT Petitioner was a resident of Reading, Pennsylvania at the time he filed his petition. Petitioner filed a joint return with Lorrains M. Massey for the year 1980. Petitioner and Lorraine Massey have since been divorced. On April 16, 1982, respondent issued a notice of deficiency to both Don and Lorraine Massey. On July 13, 1982, Donald G. Massey filed a petition with this court contesting the adjustment made in *470 the notice of deficiency. Consequently, Lorraine Massey is not a party to this suit. Petitioner is an engineer specializing in structural engineering as it relates to the nuclear business. He received a masters degree in structural engineering from the Georgia Institute of Technology. In June of 1979, petitioner moved with his family to Walkersville, Maryland. During the beginning of 1980 he worked on a job for Westinghouse Corporation in Pittsburgh, Pennsylvania. He left that job in March 1980 and was unemployed until September 15, 1980. During this period petitioner attempted to establish a business as a consulting engineer in the Walkersville area. From September 15, 1980 to December 31, 1980 petitioner provided engineering services to Gilbert Associates, a company located in Green Hills, Pennsylvania (near Reading, Pennsylvania). In the middle of 1979, the Nuclear Regulatory Commission had issued some inspection and enforcement bulletins to Gilbert, which required a large amount of work to be done in a short period of time. Gilbert had a "purchase order" arrangement with Omni International, Inc., Kansas City, Missouri (hereinafter referred to as "Omni") whereby Gilbert *471 would contract with Omni to provide various types of temporary engineering personnel by issuing a purchase order naming the person "hired" and the terms of their engagement. They issued a document entitled "Request for Contract Employee" naming the petitioner and briefly describing his job assignment. Upon acceptance of the assignment, petitioner received from Omni an "Assignment Sheet" reciting the basic terms of the agreement, including his hourly rate of pay plus reimbursement of mileage expenses at fifteen cents per mile. Petitioner's reimbursement for his mileage expense was reported as wages on his Form W-2. Petitioner was informed that Gilbert expected his assignment to last approximately six months. In fact, petitioner completed his first assignment for Gilbert by the beginning of 1981. He received subsequent assignments which resulted in his continuing to work for Gilbert through September 23, 1983. [3]
Because petitioner's residence in Walkersville, Maryland was located approximately 115 miles from Green Hills, he rented a room at the Colonial Motor *472 Lodge which he occupied from September 15, 1980 through the beginning of 1981. He paid Colonial Motor Lodge a total of $1,254.56 during 1980. Petitioner also deducted $60 per week for meals, based on an estimate of $10 per day for 6 days, and car expenses based on 5,980 business miles at twenty cents per mile. Petitioner asserts that all of his traveling expenses are deductible because his job with Gilbert was "temporary" and he is entitled to such deductions because he was away from home overnight. Respondent disallowed the deductions in full on the basis that petitioner's job with Gilbert was "indefinite." Alternatively, respondent maintains that petitioner's expenses are not deductible because they are not fully substantiated as required by section 274(d).
Section 162(a)(2) allows a deduction for traveling expenses while away from home in pursuit of a trade or business. For purposes of this statute, a taxpayer's "home" generally means the vicinity of his principal place of business or employment. Kroll v. Commissioner,49 T.C. 557 (1968). If the petitioner chooses to live a long distance from the place of his employment for personal reasons, the resulting *473 travel costs are not deductible. Commissioner v. Flowers,326 U.S. 465, 474 (1946); Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). There is an exception to this rule, however, when the petitioner's employment is "temporary" rather than "indefinite." Peurifoy v. Commissioner,358 U.S. 59 (1958); Tucker v. Commissioner,55 T.C. 783 (1971). Work is temporary only if it can be expected to end within a short period of time. If it merely lacks permanence, it is "indefinite." Even if a job is temporary at the time it is accepted, developments may show that it has become indefinite. See Boone v. United States,482 F.2d 417 (5th Cir. 1973); Kasun v. United States,supra.
Determination of whether a job is temporary or indefinite is a factual question. The Court must examine all of the circumstances of the case before reaching its conclusion. Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). In this case, we believe that petitioner's employment during 1980 was temporary. We note that the initial assignment was for a specific job and that *474 petitioner was informed by both Omni and Gilbert that the job was expected to last approximately 6 months. In fact, such job lasted even a shorter period of time. It was not until petitioner proved himself to Gilbert that he had any indication that he would receive subsequent assignments. Therefore, during 1980, petitioner's employment was temporary. [4]
Since we have determined that petitioner's employment with Omni was temporary during the year 1980, we must consider respondent's alternative argument that petitioner has not adequately substantiated his expenses pursuant to the requirements of section 274(d). [5] This section requires that a taxpayer keep "adequate records" or produce "sufficient evidence corroborating his own statement" in order to deduct certain expenses, including traveling expenses. Section 1.274-5(b)(2) further details these requirements are they relate to travel expenses. [6]
*475 After due consideration of the evidence, we find that petitioner has produced adequate records to meet the time, place and business purpose requirements of the regulations. With regard to his lodging, he also has substantiated the amount of his expenditures. Therefore, he is entitled to deduct the full amount of $1,254.56. [7]
With regard to meals, however, petitioner merely estimated the amount at ten dollars per day. This, however, does not meet the requirements of section 274(d). Because petitioner has not produced adequate records of his expenditures for meals, section 274(d) precludes the deduction of any amount. [8]
*476 With regard to petitioner's automobile expenses for 1980, the Commissioner has allowed the deduction of a fixed mileage allowance of twenty cents per mile in lieu of actual costs. Section 274(d); section 1.274-5(h) Income Tax Regs.; Rev. Rul. 80-62, 1980-1 C.B. 63, as modified by Rev. Rul. 80-203, 1980-2 C.B. 101. Petitioner was reimbursed for his mileage at the rate of fifteen cents per mile and this reimbursement was included in his gross income. Therefore, since we have already found that petitioner has met the time, place and business purpose requirements, he is entitled to deduct twenty cents per mile for 5,980 miles for a total deduction of $1,196 for his business mileage. Accordingly - Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years at issue.↩
3. During the entire period of his association with Gilbert, petitioner was treated by Omni as its employee.↩
4. We specifically limit our determination to the year 1980. We do not decide whether subsequent job assignments from Gilbert would change this determination for later years.↩
5. Section 274(d) states: (d) Substantiation Required.-No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) * * * (3) * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * (C) the business purpose of the expense * * * and (D) * * * The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. ↩
6. Section 1.274-5(b)(2) states: (2) Travel. The elements to be proved with respect to an expenditure for travel are -- (i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares, (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel.↩
7. The amount is the total of the checks payable to Colonial Motor Lodge. The record does not reveal why these amounts exceed the rental testified to by the petitioner, but the Court is satisfied that these checks all substantiate petitioner's travel expense.↩
8. We note that section 274(d) and section 1.274-5(h), Income Tax Regs. authorize the Commissioner to prescribe rules under which a taxpayer may elect to use a specified amount for meals while traveling in lieu of substantiating the actual cost of meals. For meals paid after December 31, 1982, Rev. Proc. 83-71↩, I.R.B. 1983-39, 19, allows "$9 per day for travel that requires a stay of 30 days or more in one general locality where the taxpayer's trade or business activity is conducted." Since the effective date of that pronouncement is December 31, 1982, however, it precludes our allowing petitioner a meal deduction for 1980.