ORVILLE K. AND MILDRED E. WROLSTAD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wrolstad v. Commissioner
Docket Nos. 14978-84, 36713-84.[1]
United States Tax Court
T.C. Memo 1985-188; 1985 Tax Ct. Memo LEXIS 449; 49 T.C.M. (CCH) 1251; T.C.M. (RIA) 85188; April 16, 1985. Orville K. Wrolstad, pro se. Ronald J. Gardner, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent, in statutory notices of deficiency dated March 6, 1984, and September 24, 1984, determined deficiencies in petitioners' Federal income tax liabilities for the years 1980 and 1981 of $1,351 and $1,616, respectively. The sole adjustment on which petitioners submitted evidence pertains to respondent's disallowance of employee business expenses claimed by petitioners of $5,230.80 for 1980 and $5,030.60 for 1981, with respect *450 to the automobile expenses of petitioner Orville K. Wrolstad in traveling from the family residence in Phoenix, Arizona, to his job at the Palo Verde Nuclear Generating Station near Buckeye, Arizona. FINDINGS OF FACT Petitioners Orville K. and Mildred E. Wrolstad are husband and wife and resided in Phoenix, Arizona, when the petitions herein were filed. During the years 1980 and 1981, petitioner Orville K. Wrolstad was employed as an electrician by Bechtel Power Corporation to work on the construction of the Palo Verde Nuclear Generating Station near Buckeye, Arizona. The round-trip distance from his home in Phoenix was 160 miles (80 miles one-way). Orville Wrolstad drove his personal automobile that distance each work day during both years involved herein. In 1980 petitioner estimates he traveled 35,280 miles to and from his home and his job at the construction site. In 1981, he estimates his mileage for that purpose to be 33,460 miles. During 1980 and 1981 petitioner worked exclusively at the Palo Verde project, although his work assignments periodically changed, as did the precise locations on the project at which he performed his work. Also, his work at the project occasionally *451 was interrupted for short periods by work stoppages. During the years 1980 and 1981, there was limited temporary housing available for employees at the Palo Verde construction site. The towns located near the Palo Verde site with housing available for families were Buckeye, Arizona, located approximately 25 miles from the project, and Goodyear and Litchfield, Arizona, both of which were located approximately 30 miles from the project. OPINION It is well-established law that the costs of daily commuting to and from one's home and place of employment are personal expense, and are nondeductible under section 262. [2]Commissioner v. Flowers,326 U.S. 465, 473 (1946), Sanders v. Commissioner,439 F.2d 296, 297 (9th Cir. 1971), cert. denied, 404 U.S. 864 (1971). Respondent has chosen, however, to frame the issue before us in terms to whether petitioner's employment at Palo Verde was "temporary" or "indefinite." If petitioner's employment was temporary then he may deduct as a business expense under section 162(a) his costs of traveling. Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). *452 This exception is based on the policy that acceptance of temporary employment in a new location does not justify uprooting one's household and moving to the new location. Boone v. United States,482 F.2d 417, 419 (5th Cir. 1973). Whether a particular job is of temporary, as opposed to an indefinite, duration is a factual question and is to be decided on the circumstances of each case. Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). Employment which began as temporary may become indefinite if it extends beyond a short term. Kasun v. United States,supra, at 1061. The facts of this case are indistinguishable from the facts of Neal v. Commissioner,681 F.2d 1157 (9th Cir. 1982), and we find Neal to be controlling. Therein, the taxpayer was an iron worker at the Palo Verde project during 1977, 1978 and 1979, also for Bechtel Power Corporation. He also lived in Phoenix, Arizona, during those years and commuted daily to his job at the Palo Verde project. The Ninth Circuit disallowed the claimed travel expenses on the grounds that the taxpayer's work at the project was of indefinite duration *453 and that the expenses of traveling to and from work, therefore, were personal commuting expenses. [3]
For the reasons set forth above we hold that the travel expenses claimed herein are not deductible. Also, the other adjustments set forth in the notices of deficiency are sustained based on petitioners' failure to submit any evidence in respect thereto. Rule 149(b), Tax Court Rules of Practice and Procedure.
Decisions will be entered for the respondent.
Footnotes
1. These cases were consolidated for trial and opinion by order dated March 18, 1985.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. See also, White v. Commissioner,T.C. Memo. 1984-128; Tefft v. Commissioner,T.C. Memo. 1984-127; Hazelton v. Commissioner,T.C. Memo. 1982-238↩.