LYNN W. AND ELEANOR T. GELHAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gelhar v. Commissioner
Docket No. 7898-91
United States Tax Court
T.C. Memo 1992-162; 1992 Tax Ct. Memo LEXIS 174; 63 T.C.M. (CCH) 2466; March 23, 1992, Filed *174 Decision will be entered under Rule 155. Lynn W. Gelhar and Eleanor T. Gelhar, pro se. Louise R. Forbes, for respondent. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency of $ 7,536 in petitioners' Federal income tax for the taxable year 1987, and additions to tax under section 6653(a)(1)(A) and (B). After concessions by respondent, the only issue for decision is whether petitioners were qualified individuals within the meaning of section 911(d)(1), eligible to exclude foreign earned income from their gross income for 1987. For convenience, we have combined our findings of fact and opinion. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated *175 herein by this reference. Petitioners resided in Concord, Massachusetts, at the time they filed their petition. Petitioner Lynn W. Gelhar (hereinafter petitioner) is a Professor of Civil Engineering at the Massachusetts Institute of Technology (MIT). Petitioner's employment as a professor at MIT began in July 1982. On February 26, 1986, petitioner received informal approval for a requested sabbatical leave for the period July 1, 1986, through June 30, 1987. On August 7, 1986, petitioner received formal approval for the sabbatical. Petitioners' primary residence has been in Concord, Massachusetts, since November 1982. From June 1, 1986, until June 1, 1987, petitioners leased their furnished residence in Concord, Massachusetts, to an unrelated party. During the term of the lease, petitioners did not maintain any other place of abode in the United States. Because they could not show that they had a legal residence as of January 1, 1987, petitioners' names were removed from the Register of Voters list for the Town of Concord. On June 1, 1986, petitioners left the United States. They visited Belgium, Sweden, and Switzerland between June 2, 1986, and September 3, 1986. On September *176 3, 1986, they left Switzerland and returned to the United States. They were in the United States from September 3, 1986, until September 6, 1986, when they left for Switzerland and France. They visited Switzerland and France between September 7, 1986, and December 2, 1986, when they returned to the United States. They were in the United States from December 2, 1986, until December 5, 1986, when they left for France, Greece, Singapore, Australia, and New Zealand. Petitioners visited France, Greece, Singapore, Australia, and New Zealand between December 6, 1986, and May 24, 1987. They returned to the United States at Honolulu, Hawaii, on May 25, 1987. Petitioners were present in foreign countries for 345 days from June 2, 1986, through May 24, 1987. They returned to Concord, Massachusetts, on June 1, 1987. From January 1, 1987, until May 24, 1987, petitioner resided in Australia and New Zealand while working for the University of Western Australia and an agency of the Australian Government and carrying out other professional work. While on the sabbatical leave, petitioner maintained continuing responsibilities with MIT. These responsibilities included advising MIT graduate *177 students and administering ongoing research projects at MIT. Sabbatical leave, by definition, is "leave with full or half pay granted (as every seventh year) to one holding an administrative or professional position (as college professor) for rest, travel, or research." Webster's Third New International Dictionary (1971). Petitioner's sabbatical leave salary for the period July 1, 1986, to June 30, 1987, was $ 33,100. [2] While it was anticipated by MIT that an individual on sabbatical leave would return to normal academic duties at MIT after the sabbatical, no formal contractual obligation to do so existed. Both before and after his sabbatical, petitioner actively sought employment at other academic institutions. Following the termination of his sabbatical, petitioner resumed his duties at MIT during the summer of 1987. *178 Petitioners submitted a Form 2555, Foreign Earned Income, with their 1987 return on which they claimed a foreign earned income exclusion of $ 23,007. Respondent determined in her notice of deficiency that petitioners were not entitled to the foreign earned income exclusion claimed. Respondent argues that petitioners do not qualify for the foreign earned income exclusion because they maintained a tax home in Concord, Massachusetts, during petitioner's sabbatical leave. Petitioners contend that they maintained a foreign tax home during petitioner's sabbatical leave and that their absence from Concord, Massachusetts, was of an indefinite or indeterminate nature. We agree with respondent. Respondent's determination is presumed to be correct, and petitioners bear the burden of proving that respondent erred in her determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Pursuant to section 911(a), a qualified individual may elect to exclude from gross income certain foreign earned income. In order to qualify for the exclusion, a two-prong test must be satisfied. Sec. 911(d). First, the taxpayer must have a "tax home" in a foreign country during *179 the tax year in question. Sec. 911(d)(1). Second, the taxpayer must satisfy the bona fide residence test or the physical presence test. Sec. 911(d)(1)(A) and (B); Harrington v. Commissioner, 93 T.C. 297, 303-304 (1989). Respondent has conceded that petitioners satisfy the physical presence test. For purposes of section 911, a tax home means an individual's home for purposes of section 162(a)(2) (relating to travel expenses while away from home). Sec. 911(d)(3). However, section 911(d)(3) also provides an overriding restriction on the tax home concept of section 162(a)(2) in that "An individual shall not be treated as having a tax home in a foreign country for any period for which his abode is within the United States." A taxpayer's home within the meaning of section 162(a)(2), is generally the area or vicinity of the taxpayer's principal place of employment rather than the location of his family residence. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). An exception to this rule exists where the taxpayer's employment in a particular location is temporary, as opposed to indefinite or indeterminate. Employment is considered temporary *180 when it is expected that it will last for only a short period of time. Norwood v. Commissioner, 66 T.C. 467, 469 (1976). Employment is indefinite when the prospect is that the work will continue for an indeterminate and substantially long period of time. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973). Employment which is originally temporary may become indefinite due to changed circumstances, or simply from the passage of time. Garlock v. Commissioner, 34 T.C. 611, 615-616 (1960). The question of whether employment is of a temporary or indefinite nature is essentially a factual one. No single element is determinative and there are no rules of thumb, durational or otherwise. Peurifoy v. Commissioner, 358 U.S. 59, 60-61 (1958). In this case, petitioner was employed by MIT and lived in Concord, Massachusetts, until petitioners left the United States on June 1, 1986, to take advantage of petitioner's sabbatical leave for the period July 1, 1986, to June 30, 1987. During his sabbatical leave, petitioner was still employed by MIT. Petitioners rented their home in Concord, Massachusetts, *181 fully furnished for a period of only 1 year which coincided with the period of petitioner's sabbatical leave. Petitioner returned to his employment at MIT and his home in Concord at the conclusion of his sabbatical. His 5 months of employment in Australia and New Zealand, which commenced in January 1987, was clearly not intended to extend beyond May 1987, and was temporary. Because we find that petitioner's employment during 1987 in Australia and New Zealand was temporary, it follows that petitioners did not establish a tax home in Australia and/or New Zealand during that time. Since we have found that petitioner's employment in Australia and New Zealand was temporary and that petitioner did not establish a tax home in either of those locations in 1987, we need not decide whether petitioners maintained an abode in the United States during the period of petitioner's sabbatical leave. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties stipulated into evidence a letter dated May 9, 1990, from Frederick I. Crowley, MIT's Assistant to the Comptroller, to the Internal Revenue Service, written on behalf of petitioner. In his letter, Mr. Crowley states that sabbatical leave salary payments are made strictly in consideration of current services, current effort, and current duties and responsibilities performed by the faculty member while engaged in the sabbatical leave period. Where stipulated facts are contrary to facts disclosed by the record, we refuse to be bound by the stipulation. Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976). We have given little weight to Mr. Crowley's characterization of sabbatical leave.↩