WANDA SUE DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 24419-92
United States Tax Court
T.C. Memo 1993-599; 1993 Tax Ct. Memo LEXIS 614; 66 T.C.M. (CCH) 1598; December 16, 1993, Filed *614 Wanda Sue Davis, pro se. For respondent: T. Alan Friday. COUVILLION
COUVILLION
COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies of $ 798 and $ 460 in petitioner's Federal income taxes, respectively, for 1989 and 1990. The sole issue for decision is whether petitioner is entitled to deductions under section 162(a) for transportation expenses in connection with her self-employed business activity in excess of amounts allowed by respondent. Some of the facts were stipulated and are so found. The stipulation and annexed exhibits are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Tuscaloosa, Alabama. Petitioner bears the burden of showing respondent's determinations in the notice of deficiency *615 are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). During the years in question, petitioner sold "tip sheets" at two greyhound racetracks in Alabama. One racetrack was at Eutaw, Alabama, and the other was at Birmingham, Alabama. Petitioner explained "tip sheets" simply as information which listed the dogs running in each race with a suggestion or "tip" as to which dogs were likely winners. She sold the tip sheets for $ 2 each and situated herself in the parking lot of each racetrack, soliciting sales of the sheets to patrons attending the races. Petitioner was not sponsored by, nor was she compensated or connected in any way with, the racetrack. The tip sheets were prepared at home, and the selections of suggested winners were made there by her friend. Petitioner drove each day from her home at Tuscaloosa, Alabama, to Eutaw, Alabama, a distance of approximately 35 miles. When she worked the races at Birmingham, Alabama, the distance from her home was approximately 60 miles, which she also drove. During 1989, petitioner worked 8 months at the racetrack at Eutaw, Alabama, and 4 months at the racetrack at Birmingham. She worked *616 the entire year 1990 at the Birmingham racetrack. Petitioner reported the income and expenses from her activity on Schedule C, Profit or Loss From Business, of her Federal income tax returns as follows: 1989 1990 Gross income
$ 4,250
$ 4,000 Expenses:
Car and truck
4,234
--   Travel
--  4,867 Net profit (loss)
$    16
($   867)
The expenses for both years involved petitioner's use of her automobile in traveling from her home to each racetrack and the return trip home. Petitioner always returned home the same day, after all the races had been concluded. In the notice of deficiency, respondent disallowed $ 2,959 and $ 2,700 of the claimed expenses, respectively, for 1989 and 1990. [2] *617 The amounts for both years were disallowed for lack of substantiation. [3]
In general, section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Automobile expenses incurred in carrying on a business within the locality in which the taxpayer lives and works are deductible, if at all, *618 under section 162(a). United States v. Correll, 389 U.S. 299 (1967); Boone v. United States, 482 F.2d 417, 419 n.2 (5th Cir. 1973). For years after 1985, a deduction for transportation expenses is allowed only if the taxpayer meets the strict substantiation requirements of section 274(d). Sec. 274(d)(1); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) for taxable years beginning after December 31, 1985, was amended to provide that no deduction shall be allowed with respect to any listed property as defined in section 280F(d)(4) -- unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense, (B) the time and place of the travel * * *, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *
Listed property, as defined in section 280F(d)(4), includes any passenger automobile. [4] In addition, section 274(d)(1) *619 requires the same substantiation for any deduction claimed "under section 162 or 212 for any traveling expense". The elements required to substantiate a claimed automobile expense deduction under section 274(d) include the amount of each separate expenditure with respect to an item of listed property, the amount of each business use based on the appropriate measure (mileage for automobiles), date of use, and business purpose of use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To substantiate the deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, or similar records, and documentary evidence *620 which, in combination, are sufficient to establish each element of that expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In general, to be adequate, a record must be written and must be prepared or maintained in such a manner that each recording of an element of an expenditure or use that must be substantiated is made at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(C)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985). Other than petitioner's testimony, and that of her friend, there is nothing in the record to establish any of the elements required to be proven under section 274(d) for the claimed transportation costs under section 162(a) with respect to the listed property used by petitioner. Petitioner maintained no records to document her trips that would conform with the aforementioned statute and regulations. The Court, therefore, sustains respondent and concludes that petitioner is not entitled to deductions for any amounts in excess of those allowed by respondent. To reflect note 3, Decision will be entered under Rule *621 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because petitioner did not sleep or rest at either racetrack, the expenses in the use of her automobile in going to and from each racetrack would not be traveling expenses away from home within the meaning of section 162(a)(2) because travel away from home requires sleep or rest. United States v. Correll, 389 U.S. 299↩ (1967). Therefore, the $ 4,867 claimed as travel expense on petitioner's 1990 return is more properly characterized as car and truck expense, which is the characterization petitioner used on her 1989 return. As such, the expense is more properly considered as a transportation expense, deductible, if at all, under section 162(a). The basis upon which respondent allowed deduction of any amounts for 1989 and 1990 is not explained in the notice of deficiency, nor was counsel for respondent able to enlighten the Court at trial. Suffice it to say, respondent did not consider the amounts claimed by petitioner as commuting expenses which would be nondeductible personal expenses under section 262.
3. A Rule 155 computation will be necessary regardless of how the Court decides the question at issue because of an error in the notice of deficiency for 1990. In the explanation of adjustments for 1990, the notice of deficiency recites that petitioner claimed auto mileage expenses of $ 4,000, with $ 1,300 allowed and $ 2,700 disallowed. The $ 4,000 amount is in error because petitioner claimed auto mileage of $ 4,867, and not $ 4,000 as stated in the notice of deficiency. On brief and at trial, respondent recited $ 4,867 as the amount claimed by petitioner. The Court finds, therefore, that $ 2,700 is the amount disallowed for 1990, and the amount allowed is $ 2,167, rather than the $ 1,300 recited in the notice of deficiency, based upon the $ 4,867 claimed expense on petitioner's 1990 return.↩
4. The Court assumes that the vehicle petitioner used was a passenger automobile. There was no evidence presented to indicate that the vehicle was a "qualified nonpersonal use vehicle", defined in sec. 274(i), which is excepted from the strict substantiation requirements of sec. 274(d).↩