T.C. Memo. 1997-522


UNITED STATES TAX COURT


ELIZABETH H. AND ALBERT B. TURNER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19966-95.                Filed November 19, 1997.


Elizabeth H. Turner and Albert B. Turner, pro se.

Jaye Andras Caffrey, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $2,971. The issue for decision is whether petitioners are entitled to deductions for "away from home" expenses pursuant to section 162(a)(2).

Some of the facts have been stipulated and are so found. Petitioners resided in Houston, Texas, at the time they filed their petition. For clarity and convenience, the findings of fact and opinion have been combined.

Petitioner Elizabeth H. Turner (petitioner) was a college professor. She taught United States history with a special emphasis on the study of nineteenth and twentieth century southern women.

From 1979 to 1982, petitioner taught history at Queens College in Charlotte, North Carolina. Petitioners owned a house in Charlotte, North Carolina, where they lived from January 1, 1974, through July 1, 1982. In 1982, petitioners moved from Charlotte, North Carolina, to Houston, Texas. At that time, they leased the house in Charlotte to tenants at least to the date of trial.

Petitioners moved to Houston, Texas, because petitioner-husband accepted a job in Houston and so that petitioner could pursue her doctorate degree in history at Rice University, Houston, Texas. Petitioner received her Ph.D. in history from Rice University in 1990.

In 1989, petitioner was offered a guest lecturer teaching position at the University of North Carolina at Charlotte, North Carolina. She accepted the offer and moved to North Carolina. She taught United States and Southern History during the 1989-1990 academic year at the University of North Carolina at Charlotte. She replaced a faculty member who had taken a 1-year leave of absence. Upon the completion of her term as guest lecturer, the University of North Carolina at Charlotte was unable to offer petitioner further employment.

As stated above, petitioner had taught at Queens College in Charlotte, North Carolina, from 1979 to 1982. After applying to many schools, petitioner again was offered a teaching position at Queens College, Charlotte, North Carolina, for the 1990-1991 academic year. She accepted the position as an Assistant Professor of History. Petitioner had a "tenure-track" position at Queens College.

Petitioners' teenage daughter, Laura, accompanied petitioner to Charlotte, North Carolina. Laura attended high school in Charlotte, North Carolina, from August 1990, through June 1991. Laura graduated from that high school in June 1991.

Laura applied to and was accepted at the North Carolina School of the Arts in Winston-Salem, North Carolina, for the 1991-1992 academic year. She continued at the North Carolina School of the Arts through the fall semester of 1992.

On November 5, 1990, while petitioner was employed at Queens College, she applied for employment at the University of Alabama at Birmingham and the University of South Alabama. On November 18, 1990, petitioner applied for a position as Assistant Professor of History at the University of Houston-Downtown, Houston, Texas. Petitioner was not offered a position by either university in Alabama.

In mid-March 1991, petitioner was offered employment by the University of Houston-Downtown. By a May 10, 1991, letter from the president of Queens College, petitioner was offered a continued appointment as Assistant Professor of History for the 1991-1992 academic year. On May 13, 1991, the president of the University of Houston-Downtown formally offered her a position. Petitioner accepted the offer from the University of Houston-Downtown.

On their 1991 Federal income tax return, petitioners claimed deductions related to petitioner's employment in Charlotte, North Carolina, in the amount of $9,586, as follows:

| | |
|---|---|
| Rent | $ 2,438 |
| Electricity | 665 |
| Phone | 784 |
| Auto Expenses | 862 |
| Maintenance | 360 |
| Food | 3,120 |
| Postage | 99 |
| Return to Houston | 1,158 |
| Food | 100 |
| Total | 9,586 |

Respondent disallowed all of the unreimbursed employee business expenses on the basis that petitioner was not away from her tax home when she incurred the expenses.

Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners bear the burden to prove that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 262 specifically disallows the deduction of personal living expenses. However, section 162(a)(2) permits a deduction for traveling expenses (including meals and lodging) incurred while away from home in the pursuit of a trade or business. To qualify for this deduction, three conditions must be satisfied: (1) The expense must be a reasonable and necessary traveling expense; (2) the expense must be incurred while away from home; and (3) the expense must be incurred in pursuit of business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The determination of whether these conditions have been met is a question of fact. Commissioner v. Flowers, supra at 470.

This Court has held that a taxpayer's home for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of employment and not where his or her personal residence may be located. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). An exception exists when a taxpayer accepts employment away from

home which is temporary, as opposed to indefinite, in duration. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). If the employment is temporary, the tax home is considered to be the place of the taxpayer's residence; whereas, if the employment is indefinite, the tax home is the location of employment. Kroll v. Commissioner, supra at 562. Employment is considered to be temporary if termination within a short period could be expected. Mitchell v. Commissioner, supra at 581; Tucker v. Commissioner, 55 T.C. 783, 786 (1971). In contrast, employment is considered indefinite if termination could not be expected or foreseen within a fixed or reasonably short period of time. Mitchell v. Commissioner, supra at 581. This expectation is measured by what was contemplated at the time employment was accepted. McCallister v. Commissioner, 70 T.C. 505, 509 (1978). The duration of employment is a factual issue, and no single element is determinative. Norwood v. Commissioner, 66 T.C. 467, 470 (1976).

Based on this record, we conclude that petitioner's employment at Queens College was indefinite in 1991. Petitioner had been employed previously by Queens College. During 1991, petitioner was employed as a full-time assistant professor at Queens College. It was a tenure-track position. Under the terms of her contract, tenure may be granted after a designated probationary period. A grant of tenure confers continuous

appointment. Nothing in the record indicates that Queens College expressed any intention to limit the duration of petitioner's employment.

Petitioners argue that a tenure-track position should be considered temporary because petitioner could be terminated after her nine-month appointment. The absence of permanence does not require a finding that petitioner's employment was temporary. Garlock v. Commissioner, 34 T.C. 611 (1960). An "employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982); Boone v United States, 482 F.2d 417, 419-420 (5th Cir. 1973) (This is the circuit to which this case is appealable).

Regardless of whether there existed the possibility that petitioner would not be reappointed, we are convinced that petitioner had a reasonable expectation that her employment at Queens College would continue for a substantial or indefinite period of time. In fact, petitioner was offered continued employment at Queens College. However, she declined the offer.

We conclude that petitioner's employment was indefinite, and, therefore, she was not away from her tax home. Petitioner's

tax home in 1991 was Charlotte, North Carolina, and not Houston, Texas. Respondent's determination is sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.