T.C. Memo. 1998-358

UNITED STATES TAX COURT

TRAVIS AND JAYNE SANDERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8698-97.                    Filed October 5, 1998.

Travis and Jayne Sanderson, pro sese.

<u>Franklin R. Hise</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioners' Federal

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

income tax for 1994 in the amount of $2,280 and an accuracy-related penalty of $456 under section 6662(a).

The issues for decision are: (1) Whether petitioners are entitled to deduct unreimbursed employee expenses under section 162 in the net amount of $15,123 for the 1994 tax year; (2) whether petitioners overpaid their 1994 Federal income taxes; and (3) whether petitioners are liable for an accuracy-related penalty under section 6662(a) for the 1994 tax year.

Petitioners in their trial memorandum have also requested an award of litigation costs. Such a request is premature. Rules 230-233.

The exhibits received into evidence are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Austin, Texas. References to petitioner are to Travis Sanderson. References to petitioner wife are to Jayne Sanderson.

## Background

Petitioner has an engineering degree from the University of Texas at Arlington. At the time the petition was filed, petitioner was working as an engineer for Dell Computers in Austin, Texas. Petitioner wife is a certified public accountant and has previously worked for the Internal Revenue Service as a revenue agent in the Dallas/Fort Worth area.

In 1994, petitioner quit his job as a manufacturing test engineer at Nokia Mobil Phones (Nokia) in Fort Worth, Texas. At

that time, petitioner and his family lived in Arlington, Texas. Petitioner had worked at Nokia for about a year and a half and quit because Nokia wanted to transfer him to Finland.

Petitioner was then hired by Motorola in Seguin, Texas. Petitioner signed an employment agreement with Motorola on August 3, 1994. The agreement characterized petitioner as an at-will employee, listed his yearly salary, and contained procedures by which Motorola would pay petitioner's moving and relocation costs. Petitioner began working as a test engineer with Motorola on August 22, 1994.

Motorola agreed to pay closing costs and appraisal fees associated with the purchase of a home in the Seguin area. Motorola also agreed to reimburse petitioner for temporary apartment and utility expenses for up to 3 months or until a permanent residence was established, whichever occurred first. Petitioner agreed to reimburse Motorola for these expenses if he voluntarily terminated employment within 12 months of his starting date. Motorola reported petitioner's salary on a Form W-2.

During the time petitioner worked for Motorola, he lived in a small furnished apartment in New Braunfels, Texas. Petitioner continued to interview with engineering companies in other parts of Texas. Petitioner wanted more job security and a healthier work environment at a geographic location where there were more trees and less flat landscape.

Petitioner wife and petitioners' two children continued to live in Arlington while petitioner lived in New Braunfels. Petitioner wife did not want to live in New Braunfels. She thought petitioner's apartment was too small and her sleep was disturbed by nightly train traffic. Furthermore, because petitioners' sons were attending high school in Arlington, petitioners wished to remain in Arlington until their sons graduated.

In early 1995, petitioner gave Motorola oral notice that he would be leaving. Petitioner had secured a job at Dell Computers in Austin, Texas, and decided to leave Motorola after he completed his current project. Petitioner left Motorola on February 10, 1995.

Petitioner moved to Austin, Texas, to work for Dell Computers in February of 1995. Petitioner's family did not initially move with petitioner to Austin because petitioner wife was working in Arlington and petitioners' sons were still in high school. Petitioner wife moved to Austin in April 1995 shortly before petitioners' youngest son graduated from high school. Petitioners' youngest son lived with a friend in Arlington for 2 months until his high school graduation.

On their 1994 Federal income tax return, petitioners claimed unreimbursed employee expenses in the amount of $16,150, less the 2-percent AGI floor of $1,027, or $15,123. Petitioners reported

unreimbursed employee expenses for the 1994 tax year on Form 2106 in the following amounts:

| Expenses | Amount |
|---|---|
| Vehicle expenses | $4,048 |
| Meal and entertainment expenses | 6,422 |
| Travel and lodging expenses | 5,680 |
| Total | 16,150 |

Respondent determined that petitioners were not entitled to deduct unreimbursed employee expenses in the amount of $15,123 as traveling expenses incurred while away from home because petitioner's employment with Motorola was for an indefinite term, and, therefore, respondent disallowed the amount. Petitioners contend that petitioner's home was in Arlington, Texas, and that petitioner incurred deductible unreimbursed employee expenses while petitioner was temporarily working for Motorola in Seguin, Texas.

Discussion

1. Unreimbursed Employee Expense Deductions

Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of proving that they are entitled to the deductions they claim. Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. No deduction is allowed for personal, living, or family expenses. Sec. 262.

Taxpayers may deduct traveling expenses incurred while away from home. Sec. 162(a)(2). Traveling expenses include amounts spent for meals and lodging while away from home. Sec. 162(a)(2). A taxpayer may deduct traveling expenses under section 162(a)(2) if they satisfy the following three conditions: (1) The expenses must be reasonable and necessary; (2) they must be incurred while away from home; and (3) they must be incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 479 (1946).

Petitioners contend that petitioner's traveling expenses were incurred in the pursuit of a trade or business while away from petitioner's home in Arlington and are therefore deductible as unreimbursed employee expenses within the meaning of section 162(a)(2).

However, "home" as used in section 162(a)(2) is generally considered by this Court to mean the vicinity of a taxpayer's principal place of employment rather than the location of his personal or family residence. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). Where a taxpayer's principal place of employment is other than his residence and he chooses not to move his residence for personal reasons, the taxpayer's additional living and traveling expenses are a result of that personal choice and are not ordinary and necessary business expenses. Tucker v. Commissioner, 55 T.C. 783, 786 (1971).

There is an exception to the general rule.  A taxpayer may claim his family residence as his home in situations where the taxpayer is away from home on a temporary, rather than an indefinite basis.  Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958).  Petitioner contends that his home for section 162(a)(2) purposes was his Arlington family residence and that he was temporarily away from his home while working in Seguin, Texas.

Petitioners contend that petitioner's employment at Motorola was temporary rather than indefinite because petitioner always intended to pursue career opportunities in other locations.  Additionally, petitioners contend that Motorola hired petitioner for a single work project and that petitioner had no intent, and no option, to remain with Motorola after the completion of that work project.

Petitioners' contentions are not supported by the evidence.  Petitioner's employment agreement with Motorola does not reference a particular work project nor a specific time limit for petitioner's employment.  Petitioner signed an employment agreement which created an open-ended, at-will employer/employee relationship with Motorola for an indefinite period of time.[2]

---

[2]  Petitioners, as an alternative argument, contend that petitioner was an independent contractor for Motorola.  As near as we can understand it, petitioners' contention seems to be that Motorola hired petitioner as an independent contractor for one discrete work project, and petitioner's job was therefore temporary in nature, and that as an independent contractor, petitioner's income should have been reported on Schedule C and he would have been entitled to deduct his unreimbursed travel

Employment is defined as "temporary" only if the taxpayer can foresee its termination within a reasonably short period of time or it is for a fixed duration. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973). Whether a taxpayer's job is temporary or indefinite is determined by the facts and circumstances. Peurifoy v. Commissioner, supra at 61.

Petitioner wife contends that the subjective intent of petitioner to stop working for Motorola after he completed his first project is enough to comply with section 162(a)(2) and classify petitioner's Motorola job as "temporary". We disagree.

This Court has held that a taxpayer's subjective intent as to the length of time he may wish to remain in an indefinite position is not controlling but that the ultimate question is whether the decision not to move his family residence while he works somewhere else is attributable to personal choice rather than to exigencies of his trade or business. Tucker v. Commissioner, supra at 786; Hendry v. Commissioner, T.C. Memo. 1981-740.

Further, we have said that when a taxpayer had no business ties to the area of his previously established family residence, and when the prospects for employment in his chosen profession are better away from the area of that residence than in it, then

---

expenses on Schedule C. We find that petitioner was not hired by Motorola for one discrete work project. Petitioner would be unable to deduct the travel expenses in question because he has not shown that he was away from home in either event.

we may regard his decision to keep his family there as motivated by personal reasons unrelated to his trade or business. This is so even though his job in another place lasts for less than a year. Tucker v. Commissioner, supra at 787.

Based on the facts of this case, petitioner's reliance on Rev. Rul. 93-86, 1993-2 C.B. 71, is misplaced. Revenue rulings do not have the force of law, and courts are not bound by them. Foil v. Commissioner, 920 F.2d 1196, 1201 (5th Cir. 1990), affg. per curiam 92 T.C. 376 (1989); Estate of Leach v. Commissioner, 82 T.C. 952, 961 (1984), affd. without published opinion 782 F.2d 179 (11th Cir. 1986). In any event, we believe that the revenue ruling cited by petitioners is factually distinguishable and that petitioners' position is not supported by case law.

The nature of petitioner's position with Motorola was such that he could reasonably have been expected to move his residence were it not for the personal considerations that kept his family in Arlington. Petitioner's employment agreement with Motorola contained express language concerning Motorola's reimbursement obligations for petitioner's moving, storage, and temporary housing costs. The agreement expressly provided for Motorola to pay petitioner's closing and appraisal costs for a house in Seguin, Texas.

On the basis of the record, it is clear that petitioners chose not to move their residence in Arlington for personal reasons. We find that petitioner's employment with Motorola was

not temporary and hold that petitioners cannot deduct unreimbursed employee expenses for the 1994 tax year. Respondent is sustained on this issue.

2. <u>Overpayment</u>

Petitioners claim an overpayment for the 1994 tax year of $20. On the basis of the record and our findings that petitioners were not entitled to deduct unreimbursed employee expenses for the 1994 tax year, we hold that petitioners are not entitled to an overpayment for the 1994 tax year.

3. <u>Accuracy-Related Penalty</u>

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of any underpayment of tax that is due to negligence or disregard of rules or regulations. Under section 6662(c), negligence is any failure to make a reasonable attempt to comply with the provisions of the Code and the term "disregard" includes any careless, reckless, or intentional disregard. Negligence includes the failure to exercise the due care of a reasonable and ordinarily prudent person under the circumstances. <u>Allen v. Commissioner</u>, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); <u>Neely v. Commissioner</u>, 85 T.C. 934, 947 (1985).

Petitioners' interpretation of a "home" as used in section 162(a)(2) was not reasonable. Petitioner wife is a certified public accountant and had previously worked for the Internal Revenue Service as a revenue agent but disregarded established

case law in contending that petitioner's employment with Motorola was temporary.  On the basis of the record, we hold that petitioners did not comply with the requirements of section 162(a)(2) and are therefore liable for the accuracy-related penalty on the underpayment for the 1994 tax year.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.