T.C. Summary Opinion 2010-12


UNITED STATES TAX COURT


JAY A. DURRANCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11304-09S.          Filed February 3, 2010.


Jay A. Durrance, pro se.

<u>Julia L. Wahl</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,550 in petitioner's Federal income tax for 2006.

After concessions by petitioner, the issue for decision is whether petitioner is entitled to a deduction of $10,528 for travel expenses under section 162(a)(2). The resolution of this issue turns on whether petitioner's position with Meisner Electric, Inc., in Delray Beach, Florida, was temporary or indefinite. We hold that petitioner's position with Meisner Electric, Inc., was indefinite and, therefore, that he is not entitled to the deduction in issue.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Kansas when the petition was filed.

On August 11, 2006, petitioner was offered a position with Meisner Electric, Inc. (Meisner), in Delray Beach, Florida. The offer of employment states the position title as project coordinator and indicates an annual salary. The position as project coordinator was a permanent position with an initial 6-month probationary period and had a start date of August 21,

2006. Although the position was permanent, petitioner intended it to be an interim position while he pursued other employment opportunities. When petitioner took the position with Meisner, he owned and lived in a townhouse in Lake Mary, Florida (a suburb of Orlando, Florida), approximately 200 miles from Delray Beach.

In 2006 petitioner belonged to the local electrical union in Orlando, Florida. When petitioner accepted the position with Meisner, he was unemployed and was on the union's "out-of-work book". Although the position with Meisner was for work on commercial properties, petitioner's preference was to work on industrial projects because the pay is better. The Orlando market supplied mostly commercial projects as opposed to industrial projects; and even though he accepted the position with Meisner, when and if he found a position closer to Lake Mary or employment on an industrial project, petitioner intended to resign the position.

From August through December 2006 petitioner drove between Lake Mary and Delray Beach. Petitioner drove to Delray Beach at the beginning of the work week and stayed in a motel during the week. Petitioner returned to Lake Mary on the weekends so as not to incur additional motel costs for days he was not working. The 5 days a week petitioner was in Delray Beach he stayed at a motel. In mid-December 2006 petitioner signed a 1-year lease for an apartment in Delray Beach.

In September 2007 petitioner left his position with Meisner for a position with M.J. Electrical based out of Iron Mountain, Michigan. Petitioner began his employment with M.J. Electrical in Topeka, Kansas, but at the time of trial worked for that company in Morgantown, West Virginia. M.J. Electrical pays for petitioner's living expenses while traveling and for trips to Lake Mary.

On his 2006 Federal income tax return petitioner claimed an employee business travel expense deduction of $16,321.[2] Respondent disallowed the entire deduction. Petitioner conceded that he overstated the deduction by $5,787; thus, $10,528 of the deduction remains at issue. The latter amount consists of vehicle expenses, lodging, and meals and incidentals incurred as a result of petitioner's position with Meisner in Delray Beach.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).[3]

---

[2] However, because of a math error on the return the deduction should have been $16,315.

[3] We decide the disputed issue without regard to the burden of proof.

Generally, a taxpayer may not deduct personal, living, or family expenses, such as the costs of transportation, meals, and lodging while traveling away from home.  Sec. 262; sec. 1.262-1(b)(5), Income Tax Regs.  However, travel expenses may be deducted under section 162(a)(2) if they are:  (1) Reasonable and necessary; (2) incurred while the taxpayer was traveling "away from home"; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946).  The reference to "home" in section 162(a)(2) means the taxpayer's "tax home".[4] Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

As a general rule, a taxpayer's tax home is determined by the location of the taxpayer's principal place of employment, regardless of where the taxpayer's personal residence is located. Mitchell v. Commissioner, supra at 581; Kroll v. Commissioner, supra at 561-562.  Under an exception to the general rule, a taxpayer's personal residence may be his tax home where the taxpayer is away from home on a temporary rather than indefinite basis.  Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958).  The

---

[4]  The vocational "tax home" concept was first construed by this Court in Bixler v. Commissioner, 5 B.T.A. 1181, 1184 (1927), and has been steadfastly upheld by this Court.  See, e.g., Horton v. Commissioner, 86 T.C. 589 (1986); Leamy v. Commissioner, 85 T.C. 798 (1985); Foote v. Commissioner, 67 T.C. 1 (1976); Kroll v. Commissioner, 49 T.C. 557 (1968).

flush language of section 162(a) provides that a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year."

Employment is defined as "temporary" only if the taxpayer can foresee its termination within a reasonably short period of time or it is for a fixed duration. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973). Indefinite employment is employment where the prospect is that the work will continue for an indefinite and substantially long period. Id. (citing Cockrell v. Commissioner, 321 F.2d 504 (8th Cir. 1963), affg. 38 T.C. 470 (1962), and Wright v. Hartsell, 305 F.2d 221 (9th Cir. 1962)). Whether a taxpayer's job is temporary or indefinite is determined by the facts and circumstances. Peurifoy v. Commissioner, supra at 61.

This Court has held that a taxpayer's subjective intent as to the length of time he may wish to remain in an indefinite position is not controlling but the ultimate question is whether the taxpayer's decision not to move his residence while he works somewhere else is attributable to personal choice rather than to exigencies of his trade or business. Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Hendry v. Commissioner, T.C. Memo. 1981-740. This Court has further held that when a taxpayer's prospects for employment in his chosen profession are better away from the area of his previously established residence than in it,

then we may regard his decision to keep his residence there as motivated by personal reasons unrelated to his trade or business. Sanderson v. Commissioner, T.C. Memo. 1998-358 (citing Tucker v. Commissioner, supra at 787).

Petitioner contends that his position with Meisner in Delray Beach was temporary, as he intended to stay in that position only until he found a job closer to Lake Mary or employment on an industrial project. Respondent argues that petitioner's position with Meisner was in fact indefinite. We agree with respondent.

Given the circumstances surrounding his employment with Meisner, we can understand why petitioner might consider his position "temporary", as that word is used in common parlance. After all, at all relevant times it was his intention to resign the position with Meisner as soon as possible for business as well as personal reasons.

Nevertheless, the position with Meisner was a permanent position with no foreseeable terminus. When petitioner accepted the position with Meisner, he had a reasonable expectation that the position would, and it in fact did, last more than 1 year. Furthermore, petitioner's job prospects in the Orlando area were at best unpromising in light of his recent unemployment and the scarcity of industrial projects. Indeed, the job for which petitioner resigned his position with Meisner was in Kansas, with a company located in Michigan. Petitioner kept his residence in

Lake Mary for reasons of personal choice despite, rather than because of, the exigencies of his trade or business.

Consequently, because petitioner's position with Meisner in Delray Beach was an indefinite position, Delray Beach was his tax home for the relevant period. Because petitioner was not "away from home" within the meaning of section 162(a)(2) while in Delray Beach, he is not entitled to a deduction for vehicle expenses, lodging, and meals and incidentals incurred as a result of his position in Delray Beach. Instead, his costs were in the nature of personal or living expenses. We thus sustain respondent's determination on this issue.

## Conclusion

We have considered all of the other arguments made by petitioner and, to the extent that we have not specifically addressed them, we conclude that they do not support a holding contrary to that reached herein.

To reflect our disposition of the disputed issue, as well as petitioner's concessions,

<u>Decision will be entered</u>

<u>for respondent</u>.